## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARIE D. KAJAK,

Plaintiff,

v.

VANDERLANDE INDUSTRIES INC.,

Defendant.

CASE NO. 1:13-cv-01457-AT

## CONSENT PROTECTIVE ORDER

Plaintiff Marie D. Kajak and Defendant Vanderlande Industries, Inc. (collectively, the "Parties"; individually, "Party") having agreed that this Protective Order is necessary and appropriate in this litigation, and the Court having the authority to enter this Protective Order pursuant to Fed. R. Civ. P. 26,

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Scope.**  This Order shall govern the use and handling of Documents (as hereinafter defined) produced, filed or served in this action which are designated Confidential in accordance with the terms of this Order.

2. **Definitions:**

   (a)   **Document Defined.**  When used in this Order, the word "Document" means all written, recorded, electronic, digital or graphic matter whatsoever and all physical or digital copies (identical or non-

{00145475.DOC /2 }

identical) thereof, including, but not limited to, pleadings, motions, briefs, exhibits, responses to discovery, transcripts of testimony, all records or information, or compilations or records or information, including those which are made or maintained by electronic, photographic, magnetic or mechanical means, and any other "Document," as that term is defined in Fed. R. Civ. P. 34.

(b)     **Confidential Defined.**  The parties may designate as confidential only those Documents that they in good faith believe are entitled to protection pursuant to the standards set forth in this Order.  In addition to any definition of "Confidential" which may be supplied by applicable statutory or case law, "Confidential" for the purposes of this Order may include material in any Document that reveals financial, personal, business, competitive, proprietary, or trade secret information of a Party or related entity, if said material is subject to reasonable efforts to maintain its confidentiality.  Mental impressions derived from reviewing Confidential Documents shall not be Confidential.  Furthermore, Documents that can otherwise be obtained from the public domain shall not be Confidential.

3.  **Confidential Designation.**   Any Party producing, serving or filing Documents in this action may obtain Confidential treatment for the Documents or the information contained therein as follows:

    (a)    **Documents:**  By placing on each page of any such Document, or on the portion of the Document for which Confidential treatment is desired, the word "Confidential."

    (b)    **Electronic Media:**  By placing a label with the word "Confidential" on the disk or tape containing the material.

    (c)    **Transcripts of Testimony:**  By either (1) indicating on the record during the deposition or proceeding that the testimony is Confidential; or (2) providing written notice to the court reporter and all counsel of record within fourteen (14) business days after receipt by the designating Party of the transcript, delivered by the court reporter. The court reporter shall transcribe and bind separately those portions of the transcript so designated as Confidential and shall mark the face of the separately bound transcript containing such Confidential testimony as "Confidential." If any part of a videotaped deposition is designated as Confidential, the disk or videocassette shall be labeled

"Confidential" as well as the jewel case, sleeve, or other container which contains the disk or videocassette.

4.   **Belated Designations.**   Notwithstanding the procedure for designating Confidential information set forth in Paragraph 3, nothing contained in this Order shall preclude a Party from designating a Document as "Confidential" after production, or from designating testimony as "Confidential." Such belated designation shall be accomplished by notifying the other Parties in writing of the change in designation. A Party shall not be deemed to have violated this Order by virtue of otherwise proper conduct prior to receipt of the belated designation under this Paragraph. Upon receipt of notice under this Paragraph, the receiving Party shall thereafter treat the material as Confidential under this Order, and shall make every reasonable effort to retrieve such material from persons not authorized to receive it pursuant to this Order.

5.   **Disclosure of Documents Designated "Confidential."**   Documents and other information designated under this Order as "Confidential," and any information contained in or derived from any such Documents, may be distributed or provided only to:

(a)   The Parties to this civil action;

(b)     Counsel of record for the Parties to this action including the partners, associates, employees, and agents of their law firms;

(c)     Deponents and witnesses testifying under oath in this civil action, provided that such persons are shown a copy of this Order, agree to be bound by this Order, submit themselves to the jurisdiction of this Court for the enforcement of this Order, and have executed the "Understanding and Agreement Regarding Confidential Information," attached hereto as Exhibit A;

(d)     Court reporters and videographers, provided that such persons are shown a copy of this Order, agree to be bound by this Order, submit themselves to the jurisdiction of this Court for the enforcement of this Order, and have executed the "Understanding and Agreement Regarding Confidential Information," attached hereto as Exhibit A;

(e)     A Party's outside experts and consultants, including their necessary support personnel, who are not employed by or affiliated with any Party, any affiliate of a Party, or any competitor of a Party, and who are retained for the purpose of assisting counsel in the preparation of the case and/or testifying at trial in this action, provided that such persons are shown a copy of this Order, agree to be bound by this

Order, submit themselves to the jurisdiction of this Court for the enforcement of this Order, and have executed the "Understanding and Agreement Regarding Confidential Information," attached hereto as Exhibit A;

(f)     A mediator designated by agreement of counsel, provided that he or she is shown a copy of this Order, agrees to be bound by this Order, submits herself or himself to the jurisdiction of this Court for the enforcement of this Order, and has executed the "Understanding and Agreement Regarding Confidential Information," attached hereto as Exhibit A;

(g)     The United States District Court for the Northern District of Georgia, its officers, court personnel and jurors; and

(h)     Any person who authored the particular material.

If a person subject to this Paragraph 5 refuses to execute the "Understanding and Agreement Regarding Confidential Information" attached hereto as Exhibit A, and to be bound by this Order, the Party shall not disclose any Document or other information designated as "Confidential Pursuant to Court Order."

6.     **Maintenance of Confidential Documents.**     Documents afforded Confidential treatment pursuant to this Order, and any information contained

in, or derived from, any such Document shall be maintained in a manner that will reasonably ensure that its Confidential status will be protected, and shall be treated by the persons described in Paragraphs 5 as Confidential. Unless expressly permitted by further Order of this Court, those persons shall not disseminate or disclose Confidential Documents, or the contents thereof, to anyone to whom access to such material is not permitted pursuant to Paragraphs 5.

7.   **Filing Confidential Documents Under Seal.**  As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.  If a party has very good cause to request sealing of material marked or identified as "Confidential," the party shall first present directly to Judge Totenberg's chambers a <u>sufficiently supported</u> motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers.  Attached to the motion should be the material desired to be sealed.  The Court will then review the material in camera and make a decision whether to grant or deny the motion to seal.  If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying

materials to the Clerk of the Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials.  If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed.   Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

8. **Return/Destruction of Materials.**   Within thirty (30) days after the conclusion of this action, including any appeals of this action, counsel for each Party and all other persons having possession or control of another Party's Confidential Documents shall: (a) return all Confidential Documents, and any copies thereof, to the designating Party at the designating Party's expense; or (b) destroy such Confidential Documents, and any copies thereof, and give written notice of such destruction to the producing Party.

9. **Objections to Designations.**  Any Party objecting to the designation of any particular information as "Confidential" shall attempt to resolve the matter

by setting forth in writing to the other Party the objections and the reason(s) therefor.  Any objection which is unable to be resolved by counsel for the Parties within twenty (20) business days of the receipt of the objection may be raised with the Court by the challenging Party.  The designating Party shall bear the burden of proving the Document should be treated as Confidential.  Until this Court enters an order, if any, changing the status of the Document, it shall be treated as Confidential under this Order.

10. **Court Retains Jurisdiction.**  The Parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing or modifying or rescinding this Order, notwithstanding any subsequent disposition of this action.  The Court shall retain jurisdiction over the interpretation and enforcement of this Order until such time as all Documents afforded Confidential treatment pursuant to this Order are returned or destroyed pursuant to Paragraph 8.

11. **Parties' Own Documents.**  Nothing contained herein shall affect or restrict the rights of any Party with respect to using or disclosing its own Documents or information as it deems appropriate.

12. **Originals of Documents.**  The originals of the Documents subject to this Order shall remain in the custody and control of the Party designating them

as "Confidential."  Subject to the provisions of this Order, copies of these Documents may be used for all purposes as if they were originals.

13.    **Inadvertent Disclosure.**  The inadvertent or unintentional disclosure of privileged or Confidential Documents or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of privilege or designation as "Confidential."  Upon written request by the Producing Party, the person receiving such inadvertently produced information (the "Receiver") will promptly return the original and all copies of same identified in the Producing Party's return request.  With respect to electronic documents and electronic copies, the Receiver will promptly delete all electronic copies of such documents and confirm in writing to the Producing Party that such electronic copies have been deleted.

14.    **Preservation of Rights and Privileges.**  By consenting to this Order, the Parties shall not be deemed to have waived any objection they may have to the admissibility of any Document, and shall not be deemed to have waived any objection, claim or privilege or other response to discovery requests.

15.    **Modification of Order.**  This Order is without prejudice to the right of any Party to seek modification or amendment of this Order by further order of this Court, upon motion and notice.

16. **Use at Depositions, Hearings and Trial:**  This Order in no way prohibits or restricts the use of any information, Document, or testimony designated as Confidential, by any Party, at any deposition, hearing, or trial of this case, or with any witness at any such deposition, hearing or trial, so long as the Party complies with the terms of this Order.

17. **Continued Effect of Order.**  The terms of this Order shall survive and remain in effect after the termination of this lawsuit.  The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential information, inadvertently or otherwise, after the conclusion of the lawsuit.

SO ORDERED, this 11 day of October, 2013.

Honorable Amy Totenberg
Judge, United States District Court
Northern District of Georgia

Prepared and consented to by:

/s/ Jason R. Doss (w/e/p) by Shannan
Oliver
Jason R. Doss, Esq.
(jasondoss@dossfirm.com)


THE DOSS FIRM, LLC
36 Trammell Street – Suite 101
Marietta, GA  30064
Telephone: 770-578-1314
Facsimile:  770-578-1302


Attorneys for Plaintiff

Shannan F. Oliver
F. Skip Sugarman
Georgia Bar No. 690773
Shannan F. Oliver
Georgia Bar No. 275393


BLOOM SUGARMAN EVERETT,
LLP
977 Ponce de Leon Avenue
Atlanta, Georgia 30306
Telephone: 404-577-7710
Facsimile:   404-577-7715


Attorneys for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE D. KAJAK,

                Plaintiff,

v.

VANDERLANDE INDUSTRIES INC.,

                Defendant.

CASE NO. 1:13-cv-01457-AT

## UNDERSTANDING AND AGREEMENT
## REGARDING CONFIDENTIAL INFORMATION

I hereby state that I have read and received a copy of the Consent Protective Order entered in the above-captioned case.

I understand the terms of that Consent Protective Order and agree to be bound by its provisions.  I submit myself to personal jurisdiction in the United States District court for the Northern District of Georgia for the enforcement of the Order.

Dated this _____ day of _____, 2013.

Signed: _____

Printed Name: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE D. KAJAK,

               Plaintiff,

v.

VANDERLANDE INDUSTRIES INC.,

               Defendant.

CASE NO. 1:13-cv-01457-AT

## UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL INFORMATION

I hereby state that I have read and received a copy of the Consent Protective Order entered in the above-captioned case.

I understand the terms of that Consent Protective Order and agree to be bound by its provisions.  I submit myself to personal jurisdiction in the United States District Court for the Northern District of Georgia for the enforcement of the Order.

Dated this _____ day of _____, 2013.

Signed: _____

Printed Name: _____